UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILFRED LABOSSIERE,

                        Plaintiff,

                v.

DOWNSTATE CORRECTIONAL FACILITY,
JOHN DOE (OFFICER) BLOCK OFFICER OF
BLOCK 3 TO 11 SHIFT ON JULY 13, 2019, *and*
N. BAXTER,

                        Defendants.

No. 21-CV-10538 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

    Plaintiff, who is currently incarcerated in Sing Sing Correctional Facility, brings this pro se action under 42 U.S.C. § 1983, alleging that Defendants violated his rights when he was incarcerated in Downstate Correctional Facility. By order dated February 18, 2022, Chief Judge Swain granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP"). (*See* Dkt. No. 9.)[1]

## I. Standard of Review

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court also must dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is "obliged to construe a pro se complaint liberally,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (italics omitted), and interpret it to raise the "strongest [claims] that [it] *suggest[s]*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quotation marks omitted) (emphasis in original).

## II.  Discussion

### A.  Claims Against Downstate Correctional Facility

Plaintiff brings claims against Downstate, a facility operated by the New York State Department of Corrections and Community Supervision ("DOCCS").  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  *Id*.  New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  The Court therefore dismisses Plaintiff's § 1983 claims against Downstate as barred by the Eleventh Amendment.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *see also Johnson v. Dep't of Corr.*, No. 21-CV-986, 2021 WL 1030621, at *1 (S.D.N.Y. Mar. 17, 2021) ("DOCCS is an arm of the state entitled to Eleventh Amendment immunity, and therefore [the] plaintiff's § 1983 claims against DOCCS and Downstate are barred by the Eleventh Amendment and are dismissed.").

### B.  Claims Against the John Doe Defendant

Plaintiff brings also brings claims against a John Doe defendant, who Plaintiff identifies as a "Block Officer" for the "F" Block during the 3pm to 11pm shift on July 13, 2019.  (*See* Compl. 1 (Dkt. No. 2).)  Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from

the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In his Complaint, Plaintiff does supply sufficient information to permit DOCCS to identify the John Doe defendant, however, Plaintiff does not include any specific allegations as to the John Doe defendant or even mention the John Doe defendant outside of the case caption. (*See generally* Compl.)

"It is well settled that, in order to establish an individual's personal liability in a suit brought under [42 U.S.C.] § 1983, a plaintiff must show . . . the defendant's personal liability in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish "personal involvement," a plaintiff must plausibly allege that the defendant's actions fall into one of the following five categories:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Id.* at 139 (quotation marks and emphases omitted). It is for this reason that "[f]ailing to name a defendant outside the caption of the complaint is grounds for dismissal." *Price v. Koenigsmann*, No. 19-CV-4068, 2020 WL 4274079, at *4 (S.D.N.Y. July 24, 2020) (collecting cases).

Accordingly, Plaintiff is instructed to file an amended complaint by no later than 30 days from the date of this Order that includes specific allegations as to the John Doe defendant, or Plaintiff's claims against the John Doe defendant will be dismissed. Upon the submission of the amended complaint, the Court will issue a *Valentin* order requiring the New York State Attorney General, who is the attorney for and agent of DOCCS, to ascertain the identity of the John Doe defendant and the address where the John Doe defendant may be served.

### C. Service on Officer Baxter

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Officer Baxter through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

D.  Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the complaint, Defendant Officer Baxter must serve responses to these standard discovery requests. In his responses, Defendant Officer Baxter must quote each request verbatim.[2]

III.  Conclusion

The Court dismisses Plaintiff's claims against Downstate Correctional Facility.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Local Civil Rule 33.2 applies to this action.

The Clerk of Court is instructed to issue a summons, complete the USM-285 forms with the address for Officer N. Baxter, and deliver to the U.S. Marshals Service all documents necessary to effect service on this defendant.

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package. An amended complaint form is attached to this Order.

SO ORDERED.

Dated: February 24, 2022
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Officer N. Baxter
Downstate Correctional Facility
121 Red Schoolhouse Road
Fishkill, NY 12524

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name           Middle Initial           Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                              State                       Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6